IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BILLY N. HAMMOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 109-161 |
| | ) | |
| DANIEL J. NELLER, Psy. D., ABPP | ) | |
| Board Certified Forensic Psychologist, | ) | |
| Georgia Regional Hospital of Augusta, and | ) | |
| MICHAEL B. ARRINGTON, Assistant | ) | |
| Public Defender, in their individual and | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, formerly incarcerated at the Augusta-Richmond County Law Enforcement Center in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

# I. BACKGROUND

Liberally construing Plaintiff's complaint, the Court finds the following. Plaintiff names Daniel J. Neller, a court-appointed psychologist, and Michael B. Arrington, Assistant Public Defender, as Defendants and is suing both of them in their individual and official capacities. (Doc. no. 1, pp. 1, 4). Plaintiff is apparently facing criminal charges in state court, and according to Plaintiff, the Honorable Sheryl B. Jolly, Richmond County Superior Court Judge, ordered that a psychological assessment be performed. (Id. at 5). Plaintiff states that Defendant Neller completed the assessment on July 3, 2009, but Defendant Arrington did not provide Plaintiff with a copy until October 19, 2009. (Id.). Plaintiff also states that Defendant Arrington has not filed a copy of this assessment with the appropriate court. (Id.). Plaintiff alleges that there is a 3-page "criminal responsibility addendum" attached to the assessment that contains nothing but "untrue statements." (Id.). Regarding the assessment as a whole, Plaintiff contends that it contains "all [sorts of] lies and untrue statements." (Id.). As one example, Plaintiff maintains that the assessment states that he sought "pills," but Plaintiff vehemently denies being "an addict or pill taker." (Id.).

Plaintiff is also apparently dissatisfied with the performance of Defendant Arrington as his court-appointed attorney. In addition to allegedly delaying in providing Plaintiff with a copy of the assessment and failing to provide a copy to the appropriate court, Defendant Arrington has purportedly been trying to get Plaintiff "to take 10 years [in] prison, 10 years probation" as his sentence. (Id.). Although Plaintiff does not disclose the nature of the criminal charges pending against him in the complaint filed in this case, he apparently

believes that this would not be a good deal.[1] Finally, Plaintiff alleges that his sister and Defendant Arrington have been "talking behind [his] back." (Id.). As relief, Plaintiff requests that the "psychological assessment" be done by "someone honest," as well as $1 million in damages and immediate release. (Id. at 6).

## II. DISCUSSION

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that his complaint fails to state a claim under § 1983. The Court first addresses Plaintiff's request for immediate release. Based on Plaintiff's notice to the Court of his change of address and allegations that his attorney has been trying to get him to agree to take what Plaintiff believes to be an unfair sentence (see doc. no. 1, p. 5; doc. no. 4), it appears that the state court criminal proceedings have not yet concluded but that Plaintiff has been released from incarceration pending trial. Accordingly, Plaintiff's request for immediate release is moot. That said, to the extent Plaintiff is attempting to challenge the validity of his future confinement, such a challenge is improper in this § 1983 action. Indeed, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). However, a petition for a writ of habeas corpus is the proper method "to attack future confinement and obtain future releases." Id. at 487; see also Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 488-89 (1973) (citing Peyton v.

---

[1] In his complaint filed in a separate civil action, Plaintiff discloses that he was charged with driving under the influence. See Hammock v. Strength, CV 109-136, doc. no. 1, p. 5 (S.D. Ga. Oct. 30, 2009).

3

Rowe, 391 U.S. 54 (1968)) (noting that habeas corpus petitioners are no longer restricted to challenging their current confinement but may attack their future confinement as well). If Plaintiff wishes to challenge his future incarceration, he should file a separate federal habeas petition after exhausting all of his state remedies.[2]

As to Plaintiff's request for a new psychological assessment, the Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). However, indigent criminal defendants such as Plaintiff have no constitutional right to have mental health evaluations performed by an expert of their choice. See Ake v. Oklahoma, 470 U.S. 68, 83 (1985); Williams v. Woodford, 384 F.3d 567, 585 (9th Cir. 2004) (citing Ake, 470 U.S. at 83). Thus, Plaintiff's request for a new psychological assessment fails as a matter of law.

The Court next turns to Plaintiff's specific claims against Defendants Arrington and Neller. As to Plaintiff's allegations against Defendant Arrington, as noted above, the Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law.*" West,

---

[2]The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c) (emphasis added). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

4

487 U.S. at 48 (citations omitted) (emphasis added). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, Civil Case No. 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, C.J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 n.7 (1981) (finding a lawyer representing a client was not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983)); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under color of state law). The allegations against Defendant Arrington, Plaintiff's attorney, only pertain to his traditional duties as counsel in Plaintiff's criminal case, and therefore, he is not acting under color of state law. Therefore, Plaintiff has failed to state a claim for relief against Defendant Arrington.[3]

---

[3]Plaintiff also makes allegations that Defendant Arrington rendered constitutionally ineffective assistance of counsel, thereby attacking, albeit prematurely, the validity of his future conviction in a § 1983 action. Such a claim is improper, as a writ of habeas corpus is the only remedy available for state prisoners attacking the validity of their conviction or the length of their confinement. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nelson v. Campbell, 541 U.S. 637, 643 (2004) (noting that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under § 1983); Gardner v. Luckey, 500 F.2d 712, 714 (5th Cir. 1974) (citing Preiser, 411 U.S. at 489-90) (holding that claims of ineffective assistance of counsel could not be asserted in a civil rights action, but rather should be asserted in a habeas corpus proceeding); see also Heck v. Humphrey, 512 U.S. 477, 487 (1994) (holding that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated).

As alluded to in footnote 2, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan, 526 U.S. at 842 (explaining that the exhaustion doctrine, first announced in Ex parte Royall, 117 U.S. 241 (1886), is now codified at 28 U.S.C. § 2254(b)(1)). Here, as noted above, it appears that the criminal proceedings in state court have not yet concluded, inasmuch as Plaintiff alleges that Defendant Arrington has been trying to get Plaintiff to take a sentence that Plaintiff believes is unfair. (Doc. no. 1, p. 5). Thus, even if the Court were to construe this portion of Plaintiff's complaint as a petition for a writ of habeas corpus, Plaintiff has not alleged exhaustion of state

As to Plaintiff's allegations against Defendant Neller, as noted above, Plaintiff has sued Defendant Neller in both his individual and official capacities. (Doc. no. 1, p. 1). However, absolute immunity protects court-appointed psychologists such as Defendant Neller who are sued in their individual capacities under § 1983. See Dolin v. West, 22 F. Supp. 2d 1343, 1349-50 (M.D. Fla. 1998) (citations omitted). Moreover, the Eleventh Amendment bars official capacity damages actions against state officials. Kentucky v. Graham, 473 U.S. 159, 169 (1985). As discussed above, Plaintiff's requests for injunctive relief in the form of release and a new psychological assessment are without merit. Thus, any remaining claims against Defendant Neller fail as well.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of January, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

court remedies, much less had the opportunity to pursue those remedies, and his claims would still be subject to dismissal.